UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAMS SIMONS & LANDIS, PC, *et. al.*, | Case No. 2:26-cv-00577-MMD-EJY |
| Plaintiffs, | ORDER |
| v. | |
| ZEST LABS HOLDINGS, LLC, *et. al.*, | |
| Defendants. | |

I.      SUMMARY

Plaintiffs Williams Simons & Landis, PC ("WSL") and Fred I. Williams sue Defendants, including Zest Labs Holding, LLC ("Zest"), over rights to a settlement fund. (ECF No. 1 ("Complaint").) The Complaint alleges the Court has diversity jurisdiction under 28 US.C. 1332(a). (*Id.* at 5.) Zest filed a motion to dismiss, seeking dismissal based on lack of subject matter jurisdiction and other grounds. (ECF No. 52 ("Motion")[1].) Because the Court agrees with Zest that the Court lacks diversity jurisdiction, the Court will grant the Motion.

II.     DISCUSSION

Zest seeks dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(7) and 12(b)(6). (ECF No. 52.) The Court agrees it lacks subject matter jurisdiction and therefore does not reach the other arguments.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the

[1]Plaintiffs responded (ECF No 53), and Zest replied (ECF No. 55). Defendants Riskon International, Ecoark, Inc. and Hyperscale Data, Inc. filed a joinder and a motion to dismiss. (ECF Nos. 47, 48.)

burden of proving that the case is properly in federal court. *See McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). The plaintiff's burden is subject to a preponderance of the evidence standard. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Federal courts are courts of limited jurisdiction. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).

Here, Zest brings a factual attack on the Court's alleged diversity jurisdiction. In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See Safe Air for Everyone v. Myer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Once a moving party has converted a motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *See Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)); *see also Trentacosta v Front. Pac. Aircraft Indus.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (stating that on a factually attacked 12(b)(1) motion to dismiss, the nonmoving party's burden is that of Rule 56(e)). For the reasons explained below, the Court finds that Plaintiffs have not met their burden to establish the Court's subject matter jurisdiction over this case.[2] In contrast, the Court is persuaded by Zest's argument that the Court lacks diversity jurisdiction.

---

[2]Because of the undisputed evidence presented as to Zest's citizenship, the Court agrees with Zest that Plaintiffs' request for jurisdiction discovery should be denied.

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Complete diversity among the parties must exist when the complaint is filed. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

The Complaint alleges the opposing parties are diverse, relying on the citizenship of Zest's sole member, Gary Metzger. (ECF No. 1 at 4.) In particular, Plaintiffs allege that WSL is a Texas corporation with its principal place of business in Austin, Texas. (*Id.* at 4.) The Complaint alleges that Defendant Zest Labs Holding, LLC is a citizen of Florida because its sole manager, Gary Metzger, is a citizen of Florida. (*Id.* at 4.) Zest offers the affidavit of Randy May to assert that Metzger resigned as Zest's Manager and transferred 100% of his membership interest in Zest to May on February 17, 2026. (ECF Nos. 42 at 7; 43 at 2.) May's Declaration states that he moved to Texas in January 2025 and has been domiciled in Texas since then. (ECF No. 43 at 2.) Thus, at the time the Complaint was filed on March 2, 2026 (ECF No. 1), Zest was a citizen of Texas because its member, May, was a citizen of Texas. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); 28 U.S.C. § 1441(b)(1). Because Plaintiffs and at least one Defendant, Zest, are citizens of Texas, the opposing parties are not diverse to satisfy the first prong of diversity jurisdiction.

Plaintiffs' arguments in response are unconvincing. First, Plaintiff argues Zest made an inconsistent assertion in another case filed in Texas. (ECF No. 53 at 7-8.) But as Zest points out, the representation that Zest was a Florida citizen by virtue of Metzger's citizenship was correct at that time but irrelevant here because the change in membership interest in Zest—Metzger's resignation and May's receipt of the

3

membership interest—occurred later, on February 17, 2026. (ECF No. 55 at 13.) Second, Plaintiffs point to inconsistency between May's Declaration as it relates to the interest of Jay Puchir and the Amendment to the Operating Agreement.[3] (ECF No. 53 at 8.) However, even accepting there are inconsistencies, Zest has met its burden to show by a preponderance of the evidence that one member, May, is a citizen of Texas so Zest is also a citizen of Texas. *See Johnson*, 437 F.3d at 899.

In sum, the Court agrees with Zest that Plaintiffs cannot show the opposing parties are citizens of different states to support diversity jurisdiction.

## III.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of issue before the Court.

It is therefore ordered that Defendant's Zest's motion to dismiss (ECF No. 42) is granted.

It is further ordered that Defendants' motion to dismiss (ECF No. 48) and joinder (ECF No. 47) are granted.

It is further ordered that Plaintiffs' emergency motion for temporary restraining order (ECF No. 17) is denied as moot.

It is further ordered that this action is dismissed without prejudice for lack of subject matter jurisdiction.

---

[3]In his declaration, May asserts that at the same time as the change in the Class A membership, Jay Puchir was appointed as the sole Class B member holding management rights and no economic interest. (ECF No. 43 at 2.) Plaintiffs point to the Amendment to the Operating Agreement (ECF No. 43-1) to argue that Puchir had an economic interest. (ECF No. 53 at 8.)

4

The Clerk of the Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 7th Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE